

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 28, 1961

Opinion No. WW-1201

Mr. W. Gail Walley
Acting Criminal District Attorney
Jefferson County
Beaumont, Texas

Dear Mr. Walley:

Re: Questions arising under the Uniform Reciprocal Enforcement of Support Act (Art. 2328b, Vernon's Civil Statutes)

You have requested an opinion from this office regarding the following questions. The questions and our opinions are set out below.

"(1) Is the District Attorney compelled by statute to act as petitioner's representative in any case where petitioner resides in his district, but where circumstances do not warrant the filing of a criminal charge of non-support?

"(2) Is the District Attorney compelled by statute to act as petitioner's representative in any case where petitioner resides in his district, but where petitioner is able to retain private counsel to file the reciprocal support action?"

This office is unable to find any language in Article 2328b of Vernon's Civil Statutes which compels the District Attorney to represent the petitioner when the petitioner resides in his district. Where circumstances do not warrant the filing of a criminal charge under Section II of the Uniform Reciprocal Enforcement of Support Act, the action is civil in nature and the District Attorney is not compelled to represent the petitioner. (See Attorney General's Opinion V-1409).

"(3) Section 8 of the Act provides 'Where the action is brought by or through the State or an agency thereof, there shall be no filing fee.' It has been brought to the attention of this office that at least one District Attorney in this state refuses to file a reciprocal action without prepayment of filing fee, regardless of the circumstances of the petitioner, on the grounds that the District Clerk has the right, and exercises the right, to challenge any and all

pauper's oaths.  Does the District Clerk
have the right to demand or challenge a
pauper's oath in any reciprocal case filed
through the office of the District Attorney?"

Section 8 of Article 2328b-3 is as follows:

"Whenever the State or a political subdivision
thereof has furnished support to an obligee it
shall have the same right to invoke the pro-
visions hereof as the obligee to whom the
support was furnished for the purpose of secur-
ing reimbursement of expenditures so made.

"When the Petition is filed in the District
Court of this State, it shall be accompanied
by a filing fee or a pauper's affidavit which
the Court may in its discretion accept in
lieu of the filing fee; provided, however, that
the Court of this State, acting either as an
initiating or responding State, may in its
discretion, direct that any part of or all
of the fees or costs incurred in this State
shall be paid by the county.  Where the action
is brought by or through the State or an
agency thereof, there shall be no filing fee."
As amended Acts 1953, 53rd Leg., p.907, ch. 374,
§ 2.

It is the opinion of this office in the event the
action is brought by or through the State or an agency thereof
that there shall be no filing fee, as provided in Section 8,
Article 2328b.  If an action is filed by an individual, it is
within the discretion of the judge of the court to accept the
pauper's affidavit in lieu of the filing fee.  The court may,
in its discretion, direct that any part of or all the fees
or costs incurred in this State shall be paid by the county.

"(4)  Does the Criminal District Court of
Jefferson County, Texas, have jurisdiction in
cases filed under the provisions of the
Uniform Reciprocal Enforcement of Support
Act?"

Article 52-160a confers jurisdiction upon the Criminal
District Court of Jefferson County in civil suits, causes, and
matters involving:

"(1)  Divorce, as provided in Chapter 4,
Title 75, of the Revised Civil Statutes of
Texas of 1925, and any amendments thereof,
heretofore or hereafter made thereto;

"(2)   Dependent and delinquent children,
as provided in Title 43, Revised Civil
Statutes of Texas of 1925, and any amend-
ments thereof, heretofore or hereafter made
thereto;"

The above mentioned Title 43 and 75 are the pro-
visions covering all matters of divorce and dependent and
delinquent children.  It is the opinion of this office that
52-160a gives jurisdiction to the Criminal District Court
of Jefferson County to act on cases filed under the pro-
visions of the Uniform Reciprocal Enforcement and Support
Act.

Your letter further states:

"As a result of the decision in Freeland vs.
Freeland, 313 SW2d 943 (Tex. Civ.App.1958, no
writ history), certain questions have arisen
as to the jurisdiction of the district court
and the duties of the district attorney as
petitioner's representative where petitioner
no longer resides in the district where the
divorce and support award were granted.  These
questions are as follows:

"(5)   Must a petitioner return to the county
where divorce and support award were granted
to file for support under the uniform support
act?  Or may petitioner file in any district
court where such petitioner and children for
whom support was awarded currently reside?

"(6)   If the answer to question number five (5)
is that only the district court where divorce
and support were awarded has jurisdiction as
petitioning court, is the District Attorney in
the district where the divorce and support
were awarded compelled by statute to represent
a petitioner who is not a resident of his
district in the following circumstances:

"(a)   Where facts justify the filing of a
criminal non-support charge in the county
where the divorce was granted?

"(b)   Where facts do not justify the filing
of a criminal non-support charge in the county
where the divorce was granted?

"(c)   Where the non-resident petitioner is
able to employ private counsel to file the
support action?"

In answer to your question number 5 we refer you to Attorney General's Opinion No. WW-784. This opinion, which we reaffirm, holds that the petitioner must return to the court where divorce and support award were granted to file for support under the Uniform Support Act. The court which granted the original divorce and support award has the sole jurisdiction to enforce its decrees. Therefore, a criminal charge under the reciprocal support act must be filed in that court. However, a criminal charge under Articles 602, 602-A, and 603, V.P.C. must be filed in the county where the abandonment occurred or in the county where the wife or child resided for six months next preceeding the filing of the indictment or information.

In reference to your question number 6, Article 25 Code of Criminal Procedure, this reads as follows:

"Each district attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon habeas corpus, and he is not notified of the same, and is at the time within the county where such proceeding is had, he shall represent the State therein, unless prevented by other official duties."

The duty of the District Attorney to file a criminal non-support charge is the same as his duty to file any other criminal charge called to his attention.

We answer your questions number 6(b) and 6(c) in the negative because such proceedings are civil in nature.

S U M M A R Y

A district attorney is not compelled by statute to act as Petitioner's representative in a civil action under the Uniform Reciprocal Enforcement of Support Act. The District Judge and not the District Clerk has the discretion to accept a pauper's affidavit in lieu of a filing fee, but the District Clerk may challenge the oath. The Criminal District Court of Jefferson County has jurisdiction over cases filed under the provisions of the Uniform Reciprocal Enforcement of Support Act. A Petitioner must return to the County where his divorce was granted to file for support under the Uniform Reciprocal Enforcement

of Support Act. The duty of the District Attorney to file a criminal non-support charge under the Uniform Reciprocal Enforcement of Support Act is the same as his duty to file any other criminal charge called to his attention.

Yours very truly,

WILL WILSON

J. T. Walker
Assistant Attorney General

JTW:bjh

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Gordon Cass
Jack Price
Norman Suarez
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.